IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**IN RE: MONITRONICS
INTERNATIONAL, INC.,
TELEPHONE CONSUMER
PROTECTION ACT LITIGATION**

----------------------------------------

**MDL NO. 1:13-MD-2493-JPB-MJA**
**Judge Bailey**

**THIS DOCUMENT RELATES TO ALL CASES**

### ORDER DENYING MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE

Pending before this Court is Plaintiffs' Motion for Class Certification or, in the Alternative, to Stay Briefing Pending Completion of Discovery [Doc. 176]. The plaintiffs note that the Motion is filed in order to avoid the plaintiffs from being "picked off" through a Rule 68 or individual settlement offer. The plaintiffs request that the Court stay briefing on the Motion and provide the plaintiffs sufficient discovery to further support and supplement the Motion.

This Court will deny the Motion without prejudice. This decision is based, in part, on Judge Williams' excellent opinion in ***Kensington Physical Therapy v. Jackson Therapy Partners***, 974 F.Supp.2d 856 (D. Md. 2013).

In his opinion, Judge Williams found that the process suggested in ***Damasco v. Clearwire Corp.***, 662 F.3d 891, 896 (7th Cir. 2011) (and utilized by the plaintiff in this case) of moving for class certification immediately and requesting that the Court take no action "encourages plaintiffs to clutter the docket with motions related to class certification and discovery at the outset when in many cases defendants will presumably move to dismiss.

Therefore, although Rule 23 contemplates 'early' class certification determinations, *Damasco*'s procedure is not 'practicable.'  *Cf.* Fed.R.Civ.P. 23(c)(1)(A)."  974 F.Supp.2d at 863.

This Court also believes Judge Williams to be correct in finding that such premature motions are not necessary because "a complete settlement offer made before the plaintiff files a motion for class certification does not moot the putative class action provided that the plaintiff move for class certification within a reasonable time after discovery."  *Id.*  See *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016).

Accordingly, Plaintiffs' Motion for Class Certification or, in the Alternative, to Stay Briefing Pending Completion of Discovery [**Doc. 176**] is **DENIED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**:  June 27, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE